by confining him to a statement of just what he did." What he desired, but was not allowed, to state to the jury should have been fully set forth in the motion for a new trial, in order that we might be enabled to pass intelligently upon the question whether or not the trial judge abused his discretion in the premises.

*Judgment affirmed. All the Justices concurring, except Lumpkin, P. J., absent.*

---

RAWLS *et al. v.* THE STATE.

FISH, J. The jury being the judges of the credibility of witnesses, and the testi mony upon which the State relied, if credible, being sufficient to authorize a conviction, and the trial judge being satisfied with the verdict, the Supreme Court will not interfere with the discretion exercised by him in overruling a motion for a new trial, based solely upon the general grounds.

*Judgment affirmed. All the Justices concurring, except Lumpkin, P. J., absent.*

Argued November 17, — Decided December 9, 1902.

Indictment for burglary.　Before Judge Fite.　Gordon superior court.　October 13, 1902.

*Cantrell & Ramsaur*, for plaintiff in error.
*Sam. P. Maddox, solicitor-general*, contra.

---

HATCHER *v.* THE STATE.

1. The circumstances of the homicide, as testified to by some of the witnesses, authorized the trial judge to instruct the jury as to the law of voluntary man-slaughter, in addition to that of murder and justifiable homicide. The ver-dict for voluntary manslaughter was supported by the evidence.

2. In the absence of a request so to do, the trial judge committed no error in failing to instruct the jury on the law as to the impeachment of witnesses ; nor did he commit any error in overruling the motion for a new trial on the ground of newly discovered evidence.

Argued November 17, — Decided December 10, 1902.

Indictment for murder.　Before Judge Littlejohn.　Dooly superior court.　October 7, 1902.

*John F. Powell & Son*, for plaintiff in error.
*F. A. Hooper, solicitor-general*, contra.

LITTLE, J. Hatcher, the plaintiff in error, was indicted for mur-der, and it was charged that with malice he unlawfully killed one Will Harrold by shooting him with a gun. The trial resulted in